[No. 5664.]

THE PEOPLE EX REL. JOHN T. BOTTOM v. LINDSLEY.

1. Constitutional Law—County Attorneys—Creation of Office.

Under § 8, art. 14, Colo. Const., providing that there shall be elected in each county, at the same time at which members of the general assembly are elected, commencing in the year nineteen

hundred and four, "one county clerk * * * one county attorney, who may be elected or appointed, as shall be provided by law * * *. The term of office of all such officials that expire in January, 1904, is hereby extended to the second Tuesday in "January, A. D. 1905," the office of county attorney was probably created; but in the absence of the legislature determining whether it shall be elective or appointive, there is no means provided for filling the office, and, therefore, it is inoperative and the former statute authorizing county commissioners to employ counsel has not been superseded, nor does the above constitutional provision make counsel, so employed, county officials, nor extend their terms to January, 1905.—P. 479.

2.　City and County of Denver—Charter Convention—Powers—
　　　City Attorney—Duties.

The charter convention had all the power with reference to the functions of the city of Denver possessed by the legislature prior to the ratification of art. 20 of the Colo. Const. The charter provides that the attorney shall be the head of the legal department, defines his duties, and further provides that he shall perform such additional duties as are imposed on county attorneys by the general statutes of the state. Held, that in so far as the duties pertaining to the county government are concerned, he has been relieved of them by the former decisions of the supreme court; but as to all the duties pertaining to the city, he is still invested with them under the charter.—P. 480.

3.　City and County of Denver—Charter Convention—Journal.

The contents of the journal of a charter convention cannot, in the absence of a law authorizing it, be received in evidence.
—P. 481.

4.　City and County of Denver—Charter Convention—Prefatory
　　　Synopsis to Charter—Evidence.

The prefatory synopsis to a charter may be used as an aid in the construction of vague or ambiguous language contained in the charter proper; but it cannot be used to control the plain and unambiguous language of the charter; nor can its language be taken as a part of the charter for the purpose of supplying words not found therein; and if the language of the charter and the language of the synopsis are inconsistent, the charter must control.—P. 481.

5.　City and County of Denver—Charter—Attorney—Constitu-
　　　tional Law.

The prefatory synopsis of the charter of the City and County of Denver declares that the office of attorney is elective, and that the charter provides that the department of law shall be

under the control of the attorney; § 153 of the charter fixes his salary; § 167 provides for ·the election of officers, but the office of attorney is not mentioned; and § 150 provides that the heads of departments, unless otherwise provided by the charter, shall be appointed by the mayor and hold office during his pleasure. Section 3, art. 20, Colo. Const., after mentioning several officers, provides that "the district attorney shall also be ex-officio attorney of the city and county of Denver. The foregoing officers shall hold the said offices as above specified only until their successors are duly elected and qualified as herein provided." Held, that § 3, art. 20, Colo. Const., must be construed with § 2 of same instrument, which provides that the officers of the city and county of Denver shall be such as by appointment or election may be provided for by charter; and, so construed, § 3 does not require that the district attorney should perform the duties of attorney until an attorney is "elected" by the people, but that the district attorney should perform the duties of attorney for the city and county until an attorney is "selected" in such manner as the charter might provide.—P. 481.

*Error to the District Court of the City and County of Denver.*
*Hon. F. T. Johnson, Judge.*

*On Rehearing.*

Action by the people, on the relation of John T. Bottom, against Harry A. Lindsley. From a judgment for defendant, relator brings error.

Decision *en banc.*                    *Affirmed.*

Mr. HARRY E. KELLY, for plaintiff in error.

Mr. HARVEY RIDDELL, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

An action in the nature of a *quo warranto* was brought by the people, upon the relation of John T. Bottom, against Henry A. Lindsley, for the purpose of determining the title to the office of city and county attorney for the city and county of Denver. The re-

lator, having received a majority of all the votes cast
for such office at the general election in November,
1904, claims title to the office by virtue of his elec-
tion thereto.  The defendant claims title to the office
through an appointment by the mayor of the city
and county.  Many of the interesting questions pre-
sented at the time the action was begun have been
eliminated by the judgments of this court in the
recent decisions affecting the November, 1904, elec-
tions in the city and county of Denver.

The section of article XIV of the constitution
(known as the Taylor amendment), under which
relator claims his title, provides that: "There shall
be elected in each county, at the same time at which
members of the general assembly are elected, com-
mencing in the year nineteen hundred and four, one
county clerk,   *   *   *   one county attorney, who
may be elected or appointed, as shall be provided by
law.   *   *   *   The term of office of all such officials
that expires in January, 1904, is hereby extended
to the second Tuesday in January, A. D. 1905."

At the time of the adoption of this amendment,
the relator was acting as attorney for the board of
county commissioners, and he claims that, under this
section, his term was extended to January 1, 1905.
And, on the second Tuesday in January, 1905, he
qualified as his own successor, having, as he claims,
been elected to the position in 1904.

The so-called Taylor amendment probably cre-
ated the office of county attorney, but it did not de-
termine whether it was to be an elective or an ap-
pointive office, the purpose being simply to provide
for the time of the election, if the legislature made
it an elective office.  There is no act of the legislature
upon the subject, and, in the absence of legislation,
there is no means provided for filling the office.
Therefore, there is, until the legislature determines

whether the office is elective or appointive, in effect no such office as that of county attorney proper, and the statute which authorizes county commissioners to employ counsel has not been superseded by the Taylor amendment. The Taylor amendment did not make of those, who were then in the employment of county commissioners as attorneys, county officials, and extend their terms to the 1st of January, 1905. It does not purport to do any such thing, and by no rule of construction with which we are familiar can the amendment be made to so operate.

The decision in the election cases referred to holds that the authority of the charter convention, under article XX, is limited to matters that belong to the city proper, and whatever may be the effect upon the officers who are designated to perform county functions, it is very clear that, as far as city functions are concerned, the charter convention had all the power the legislature possessed with reference to such matter prior to the ratification of article XX. The charter provides that the attorney shall be the head of the legal department, and defines his duties, and further provides that he shall also perform such additional duties as are imposed on county attorneys by the general statutes of the state. In so far as the duties pertaining to the county government are concerned, he has been relieved of them by the decision referred to, but, as to all the duties pertaining to the city, he is still, notwithstanding these decisions, invested with them under the charter.

We must, therefore, hold that the relator is not entitled to the office of city and county attorney by virtue of his election in November, 1904.

The relator alleged, in his complaint: "That on the 8th day of the session of the charter convention so framing the charter so adopted by the people of said city and county, a report of the committee of

the whole recommending that the attorney for said city and county, together with the certain other offi cers, be made elective, was adopted; that such action of said charter convention was never reconsidered or rescinded.''

On motion, this was stricken, as being irrelevant and immaterial.

The complaint also alleged that the prefatory synopsis to the charter contained the following: ''The mayor, attorney, clerk and recorder, sheriff, coroner, superintendent of schools, assessor, auditor and treasurer, are elective.'' This also was stricken.

The motion to strike, we think, was properly granted. How the alleged action of the convention is made to appear is not stated in the complaint. In the brief, it is stated that it appears in the journal of the convention, now in the custody of the clerk. Whether a journal was kept of the convention or not, its contents cannot be received in evidence unless authorized by law, and we find nothing in the consti- tution authorizing its admission as evidence. Nor do we regard it as important that, in the prefatory synopsis to the charter it is declared that the office of attorney is elective. That portion of the charter may be used as an aid in the construction of vague or ambiguous language contained in the charter proper, but it cannot be used to control the plain and unambiguous language of the charter, nor can its language be taken as a part of the charter for the purpose of supplying words not found therein, and if the language of the charter and the language of the synopsis are inconsistent, the charter must con- trol.

The charter provides that the department of law shall be in the control of the attorney for the city and county, and declares what duties he shall perform. Section 153 fixes the salary of the attorney

at the sum of $4,600. Section 167 provides for the election of officers, but the office of attorney is not mentioned. Section 150 provides that the heads of departments, unless otherwise provided by charter, shall be appointed by the mayor, and hold office during his pleasure.

Counsel insist that it is provided by section 3 of article XX that the officers mentioned in said section should hold office until their successors are duly elected by the people, and that, as there has 'been no election for the office of attorney, the respondent is not entitled to hold the office. The section, after mentioning several officers, provides: ''And the district attorney shall also be *ex officio* attorney of the city and county of Denver.'' ''The foregoing officers shall hold the said offices, as above specified, only until their successors are duly elected and qualified, as herein provided for.''

By providing that the district attorney should be *ex officio* attorney for the city and county during the period of temporary government, the constitution does not, we think, prohibit the charter convention from providing for the appointment of an attorney. This section must be construed with section 2 of article XX, which provides that the officers of the city and county of Denver shall be such as, by appointment or election, may be provided for by charter. So construed, we are of opinion 'that section 3 does not require that the district attorney should perform the duties of attorney until an attorney is *elected* by the people, but that the district attorney should perform the duties of attorney for the city and county until an attorney is *selected* in such manner as the charter might provide.

There is no provision made in the charter for the election of attorney; and we must therefore hold that, under the general provision, the mayor was

authorized to appoint an attorney to hold office during his pleasure, and that the defendant, having been appointed by the mayor to the office of attorney for the city and county, is entitled to hold such office. The judgment is affirmed.

Decision *en banc.*                               *Affirmed.*